1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

_____
                                        )
PRISCILLA BOX,                          )          No. C16-1412RSL
                                        )
                    Plaintiff,          )
         v.                             )          ORDER GRANTING DEFENDANTS'
                                        )          MOTION TO DISMISS
UNITED STATES OF AMERICA, *et al.*,     )
                                        )
                    Defendants.         )
_____)

14   This matter comes before the Court on defendants' "Rule 12(b)(1) Motion to Dismiss

15   Amended Complaint." Dkt. # 14. Having reviewed the memoranda, declarations, and exhibits

16   submitted by the parties, the Court finds as follows:

17   **A. STANDARD OF REVIEW**

18   Defendants assert that the applicable statutes of limitations, 28 U.S.C. § 2409a(g) and 28

19   U.S.C. § 2401, bar plaintiff's claims. Because both limitations periods are jurisdictional (see

20   Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 292 (1983); John R. Sand &

21   Gravel Co. v. U.S., 552 U.S. 130, 132, 136 (2008)), the Court may consider facts outside of the

22   four-corners of the complaint to assure itself that it does, in fact, have the power to hear this

23   matter. Americopters, LCC v. Fed. Aviation Admin., 441 F.3d 726, 732 n.4 (9th Cir. 2006). The

24   Court has, therefore, considered the declarations and evidence submitted by the parties.

25

26

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

**B. BACKGROUND**

Taken in the light most favorable to plaintiffs, the record shows that, in 1951, Nina Brewer, was the owner of a parcel of land in Redmond, Washington. Brewer entered into a real estate contract to sell the property to M. Talmage Nelson for $8,750.00. Nelson paid $2000.00 at the time of contracting and promised to pay $50.00 per month thereafter until the balance was paid off. Neither party has produced a deed conveying the property from Brewer to Nelson.

In 1954, the United States initiated a takings action to acquire fee simple title to the property and surrounding parcels for use as a missile defense site. A preliminary certificate of title showed that Nelson had acquired title through the 1951 contract and a 1953 deed. Dkt. # 14-8. Nelson was named as the owner in the takings action and, in August 1958, the court fixed just compensation, ordered payment of $2,875.00 to Nelson, and conveyed fee simple title in the property to the United States. Dkt. # 14-5. Brewer died intestate in 1960.

The United States openly and obviously possessed, controlled, and used the property as part of a missile defense site until 1974, when it licensed the property to the Washington Army National Guard as an armory and training facility. In 2007, the King County Finance Division sought information for use in a judicial tax foreclosure proceeding. Pacific Northwest Title Company reported that the property was owned by Nina Brewer, as her separate estate. Dkt. # 16 at 21. Brewer's sole heir was notified that he owned property in Redmond and petitioned to have himself appointed administrator for his great-grandmother's estate. The heir (and personal representative) conveyed the property to Wayne Seminoff in 2011, who transferred the property by quit claim deed to Priscilla Box, the named plaintiff in this case.

**C. QUIET TITLE CLAIM**

Through the Quiet Title Act, the United States waives its sovereign immunity from claims challenging the federal government's title to land. The waiver is conditioned, however, on suit being brought within twelve years of "the date the plaintiff or his predecessor in interest knew or

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                        -2-

1   should have known of the claim of the United States." 28 U.S.C. § 2409a(g). Plaintiff argues that

2   the limitations period did not begin to run until 2007 when Brewer's heir became aware of his

3   interest in the land. A similar argument was rejected in Fidelity Expl. and Prod. Co. v. U.S., 506

4   F.3d 1182, 1186 (9th Cir. 2007) (finding that plaintiff's argument "that the twelve-year clock

5   should start when [it] knew of *its own* claim, not when Montana - its predecessor in interest -

6   knew of the United States' claim" was inconsistent with the plaint text of the statute) (emphasis

7   in original). A claim under the Quiet Title Act accrues when the landowner knew or should have

8   known that the United States had claimed the land, not when the landowner realizes he has a

9   claim. Congress imposed a condition on the waiver of sovereign immunity, and the Court must

10  "be careful not to interpret it in a manner that would extend the waiver beyond that which

11  Congress intended." Block, 461 U.S. at 287. Expanding the limitations period until a neglectful

12  (or, at best, disinterested) landowner discovers his own interests in land that the United States

13  long ago claimed as its own would contravene the terms of the waiver.

14  **D. TAKINGS CLAIM**

15      Plaintiff concedes that her claim for just compensation is barred by the limitations period

16  set forth in 28 U.S.C. § 2401.

17

18      For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 14) is GRANTED.

19  The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

20

21      Dated this 4th day of January, 2017.

22

23                                          Robert S. Lasnik
                                            United States District Judge
24

25

26

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                    -3-